UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CV-40-R

TONYA VANDEVELDE, et al.                                                    PLAINTIFFS

v.

CLIFFORD A POPPENS, M.D., et al.                                           DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Clifford A. Poppens's Motion for Partial Summary Judgment on the Negligent Infliction of Emotional Distress Claim of Plaintiff Shawn Vandevelde (Docket #56). Defendant Russell County Hospital ("RCH") joined this Motion on January 22, 2008 (Docket #69), as did Defendant Peter A. Rives on January 24, 2008 (Docket #74). Plaintiffs filed a response (Docket #65) to which Defendants replied (Dockets #86, 162). This matter is now ripe for adjudication. For the reasons that follow, Defendants's Motion for Partial Summary Judgment is GRANTED.

**BACKGROUND**

On September 24, 2005, at approximately 5:50 a.m., Plaintiff Tonya Vandevelde presented to the RCH Emergency Department complaining of low back pain. Mrs. Vandevelde was thirty-three weeks pregnant and had traveled from her home in Cincinnati, Ohio to Russell County, Kentucky to visit relatives.

Upon presentation to the RCH Emergency Department, Mrs. Vandevelde was seen by Defendant Dr. Clifford A. Poppens. Dr. Poppens performed an internal pelvic examination and noted fetal hear tones. There was no effacement or dilation. Based on his examination, Dr. Poppens

diagnosed Mrs. Vandevelde with Braxton-Hicks contractions.  Dr. Poppens discharged Mrs. Vandevelde with instructions to stay off her feet, follow up with her obstetrician in Cincinnati when she returned home, and to return to RCH if needed.

Later that morning, Mrs. Vandevelde presented to Russell County Primary Care ("RCPC"). There is no relationship between RCH and RCPC.  Mrs. Vandevelde complained of severe low back pain as well as abdominal/pelvic pain.  RCPC began to arrange a transfer to Lake Cumberland Regional Hospital for OB/GYN service; however, while these arrangements were being made, Mrs. Vandevelde began to bleed from her vagina.  Mrs. Vandevelde was then taken by ambulance to RCH.

At 10:55 a.m., Mrs. Vandevelde arrived at the RCH Emergency Department and was seen by Defendant Dr. Peter Rives.  Dr. Rives obtained the fetal heart rate using a fetal hear monitor and observed a fetal heart rate of 132 beats-per-minute.  Dr. Rives then called Lake Cumberland Regional Hospital and spoke with DR. Andrea Hill, OB/GYN, to arrange transport of Mrs. Vandevelde to Lake Cumberland Regional Hospital.  Dr. Hill accepted the transfer and Mrs. Vandevelde was taken via ambulance to Lake Cumberland Regional Hospital.  Upon arrival at Lake Cumberland Regional Hospital, Mrs. Vandevelde was diagnosed with intrauterine fetal demise.  A c-section was then performed.  Following the c-section, Dr. Hill confirmed that Mrs. Vandevelde had lost the baby due to placental abruption.

Mr. Vandevelde, who had been in Cincinnati, arrived at the hospital shortly before his wife's c-section.  Following the c-section, both parents took turns holding the baby.  Mr. Vandevelde removed the baby's hat, rubbed her head, kissed her head, and held her hand.

Plaintiffs filed their Complaint on March 22, 2006.  In Count IV of the Plaintiffs's

2

Complaint, the Plaintiffs assert their claim for negligent infliction of severe emotional distress:

> As a direct and proximate result of Defendants' tortious conduct, Plaintiffs endured the stillbirth, funeral and burial of their daughter. Alternatively, that conduct increased the risk of harm to Brooklyn R. Vandevelde, and resulted in the loss of a chance of recovery and survival.

> Defendants are liable to Plaintiffs for negligent infliction of severe emotional distress.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177

(6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In Kentucky it is well established that "an action will not lie for fright, shock or mental anguish which is unaccompanied by physical contact or injury. The reason being that such damages are too remote and speculative, are easily simulated and difficult to disprove, and there is no standard by which they can be justly measured." *Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky. 1980) (quoting *Morgan v. Hightower's Adm'r*, 163 S.W.2d 21, 22 (Ky. 1942)). The damages for emotional distress sought to be recovered must be "related to, and the direct and natural result of, the physical contact or injury sustained." *Id.* at 146. The amount of physical contact or injury that must be shown is minimal; "[c]ontact, however, slight, trifling, or trivial, will support a cause of action." *Id.*

Plaintiffs assert that the cause of Mr. Vandevelde's emotional distress was the physical contact with his daughter immediately after her stillbirth. Defendants argue that such contact does not support a negligent infliction of emotional distress claim as Mr. Vandevelde's contact with his daughter did not come from the thing which caused the injury.

In *Wilhoite v. Cobb*, the plaintiff mother witnessed an accident which led to the death of her infant daughter. 761 S.W.2d 625, 626 (Ky. Ct. App. 1988). Plaintiff mother asserted a claim for her mental distress suffered by witnessing the tragic accident resulting in her daughter's death. *Id.*

The trial court dismissed plaintiff mother's claim for emotional distress for lack of physical contact or injury. *Id.* The Kentucky Court of Appeals affirmed this decision, explaining that "the thing which causes the injury to a victim must also come in contact with the witness for that witness to recover for mental distress." As plaintiff mother had not herself received any physical contact or injury from the defendant, she could not pursue a claim for emotional distress. *Id.*; *cf. Deutsch*, 597 S.W.2d at 146 (contact requirement met where plaintiff mother was bombarded by x-rays as a result of doctor's negligence and later had abortion due to fear that irradiation from x-rays had harmed fetus).

Here, like the plaintiff mother in *Wilhoite*, Mr. Vandevelde did not receive physical contact or injury from any of the things that he claims caused injury to his daughter. Therefore, Mr. Vandevelde's claim for negligent infliction of emotional distress fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants's Motion for Partial Summary Judgment is GRANTED.

An appropriate order shall issue.