UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CV-40-R

TONYA VANDEVELDE, et al.                                              PLAINTIFFS

v.

CLIFFORD A POPPENS, M.D., et al.                                      DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Peter A Rives's Renewed Motion for Summary Judgment (Docket #43). Plaintiffs filed a response (Docket #49) to which Defendant Rives replied (Docket #168). This matter is now ripe for adjudication. For the reasons that follow, Defendant Rives's Renewed Motion for Summary Judgment is GRANTED.

### BACKGROUND

On September 24, 2005, at approximately 5:50 a.m., Plaintiff Tonya Vandevelde presented to the RCH Emergency Department complaining of low back pain. Mrs. Vandevelde was thirty-three weeks pregnant and had traveled from her home in Cincinnati, Ohio to Russell County, Kentucky to visit relatives.

Upon presentation to the RCH Emergency Department, Mrs. Vandevelde was seen by Defendant Dr. Clifford A. Poppens. Dr. Poppens performed an internal pelvic examination and noted fetal heart tones. There was no effacement or dilation. Based on his examination, Dr. Poppens diagnosed Mrs. Vandevelde with Braxton-Hicks contractions. Dr. Poppens discharged Mrs. Vandevelde with instructions to stay off her feet, follow up with her obstetrician in Cincinnati when she returned home, and to return to RCH if needed.

Later that morning, Mrs. Vandevelde presented to Russell County Primary Care ("RCPC"). There is no relationship between RCH and RCPC. Mrs. Vandevelde complained of severe low back pain as well as abdominal/pelvic pain. RCPC began to arrange a transfer to Lake Cumberland Regional Hospital for OB/GYN service; however, while these arrangements were being made, Mrs. Vandevelde began to bleed from her vagina. Mrs. Vandevelde was then taken by ambulance to RCH.

At 10:55 a.m., Mrs. Vandevelde arrived at the RCH Emergency Department and was seen by Defendant Dr. Peter Rives. Dr. Rives obtained the fetal heart rate using a fetal hear monitor and observed a fetal heart rate of 132 beats-per-minute. Dr. Rives then called Lake Cumberland Regional Hospital and spoke with Dr. Andrea Hill, OB/GYN, to arrange transport of Mrs. Vandevelde to Lake Cumberland Regional Hospital. At some point while at the RCH Emergency Department during this second visit, Mrs. Vandevelde was given Brethine. Dr. Hill accepted the transfer and Mrs. Vandevelde was taken via ambulance to Lake Cumberland Regional Hospital. Upon arrival at Lake Cumberland Regional Hospital, Mrs. Vandevelde was diagnosed with intrauterine fetal demise. A c-section was then performed. Following the c-section, Dr. Hill confirmed that Mrs. Vandevelde had lost the baby due to placental abruption.

Plaintiffs filed their Complaint on March 22, 2006.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate,

a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Defendant Rives argues that summary judgment should be granted on Plaintiffs's claims against him, as Plaintiffs have disclosed no expert who claims that Defendant Rives breached the standard of care by administering Brethine to Mrs. Vandevelde. Defendant Rives also states that the administration of Brethine was directed by Dr. Hill. Plaintiffs assert that the expert report of

Arthur Pancioloi, M.D., filed by Defendant Poppens, directly criticizes the medical care rendered at the time that Defendant Rives was Mrs. Vandevelde's treating physician.

A negligence action requires: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). In a medical malpractice case, the burden of proof is upon the plaintiff to establish the applicable standard of care and the breach thereof by medical or expert testimony. *Green v. Owensboro Medical Health Sys., Inc.*, 231 S.W.3d 781, 783 (Ky. Ct. App. 2007).

When testifying at his deposition, Dr. Panicioli was not critical of the care and treatment rendered by Defendant Rives in this matter. Dr. Panicioli testified that although placental abruption is a contraindication of Brethine, it would not be below the standard of care for a physician to give a contraindicated medicine if the physician believed it was the right thing for the patient.

The Court finds that Plaintiffs have failed to provide any expert testimony establishing that Defendant Rives breached the standard of care when he administered Brethine to Mrs. Vandevelde. Therefore, Plaintiffs's claims against Defendant Rives fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Rives's Renewed Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.